**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**FAYETTEVILLE DIVISION**

**In the Matter of:**
**RIVER LANDING CENTER, LLC**
**Debtor**

**Chapter 11**
**Case No.: 17-01144-5-JNC**

**EMERGENCY MOTION FOR AUTHORIZATION TO PAY PRE-PETITION WAGES**

NOW COMES RIVER LANDING CENTER, LLC, hereinafter referred to as the Debtor, by and through undersigned counsel, pursuant to Sections 105, 363, and 507 of the Bankruptcy Code and respectfully moves this Court for an order authorizing the Debtor to pay pre-Petition wages, compensation, and employee benefits ("pre-Petition Wages"). Furthermore, the Debtor respectfully requests a hearing before this Court pursuant to FED. R. BANKR. P. 4001(b)(2), to avoid immediate and irreparable harm to its bankruptcy estate if it is not authorized to pay Prepetition Wages in accordance with its normal bi-weekly schedule. In support of this Motion, the Debtor shows the court the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 151, and 157 and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (D), (K), (M), and (O).

2. On March 8, 2017, (the "Petition Date") the Debtor filed a voluntary Petition for relief pursuant to the provisions of Chapter 11 of the United States Bankruptcy Code [D.E. 1] and operates as a Debtor-in-Possession.

3. The Debtor owns a commercial building which has several tenants, as well as residential lots, commercial lots and acreage in Fayetteville, North Carolina.

4. The Debtor anticipates a continuation of its business activities through a reorganization of its existing obligations.

5. The Debtor regularly employs two people. These employees are paid bi-weekly, in arrears.

6. As of the Petition Date, the Debtor owes employees for the two week period that began the Monday prior to the Petition, February 27, 2017, and ends the Sunday after the Petition, March 12, 2017, on the next pay date, Friday March 17, 2017. Biweekly/salaried

employees will be due their next paycheck on March 17, 2017, which should consist of wages earned one week prior to filing and wages earned in the first week post-petition.

7. The Debtor's first payments of wages after the Petition Date would include payment for services rendered prior to the Petition Date.

8. Honoring the Debtor's pre-Petition Wage obligations will minimize the hardship that employees would certainly endure if payroll is interrupted and may prevent the loss of employees that could ensue if the employees were not timely paid for the work. Accordingly, the Debtor believes that it is in the best interest of the estate to honor its pre-Petition Wage obligations in accordance with the ordinary course of business.

9. The requested relief is appropriate under Sections 507(a)(4) and (a)(5) of the Bankruptcy Code, which provide for priority payment up to $12,475 per individual for pre-Petition claims for wages, salaries, vacation and sick leave and claims for contributions to employee benefit plans. The Debtor has determined that all of the pre-Petition Wage obligations are entitled to priority under Sections 507(a)(4) and (a)(5) and that no employee is owed more than $12,475. As a result, the Debtor's payment of Prepetition Wages in the ordinary course of business should neither prejudice general unsecured creditors, nor materially affect the Debtor's estate. *See* 11 U.S.C. §1129(a)(9)(B). The amount of the pre-Petition Wages is estimated to be no more than $3,000 for the period prior to the Petition date. The Debtor also estimates that the related payroll tax liabilities associated with the pre-Petition Wages would be no more than $225.00. The Debtor also estimates that the related benefits proved would be no more than $205.00.

10. To the extent the Debtor's payment of pre-Petition Wages is deemed to be outside the ordinary course of the Debtor's business, the requested relief is also appropriate under Section 363(b) of the Bankruptcy Code, which empowers the Court to authorize the Debtor to expend funds outside the ordinary course of business. In order to obtain approval for the use of estate assets outside the ordinary course of business, a debtor must demonstrate a valid business justification for the use of the assets. In re Montgomery Ward Holding Corp., 242 B.R. 147, 152 (Bankr. D. Del. 1999); In re Ionosphere Clubs, Inc., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1985) ("Ionosphere"). Payment of prepetition wages and salaries in order to protect the Debtor's business, retain the Debtor's employees, and preserve employee morale is a sufficient business justification under Section 363. *Id* at 175.


11. The relief requested herein is also authorized under Section 105 of the Bankruptcy Code, which authorizes the Court "to issue any order . . . necessary or appropriate to carry out the provisions" of the Bankruptcy Code. The Debtors submit that payment of pre-Petition Wages in the ordinary course of business is critical to the Debtor's ability to retain its employees, continue to operate, and preserve the going concern value of the Debtor's business.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

1. For an emergency hearing on this Motion to avoid immediate and irreparable harm to the Debtor's bankruptcy estate;

2. For leave of the Court to pay pre-Petition Wages of the Debtor's employees, the related payroll tax liabilities and benefits; and

3. For such other and further relief that this Court deems just and appropriate.

This is the 9th day of March, 2017.

s/George M. Oliver
GEORGE MASON OLIVER
N.C. State Bar No. 26587
The Law Offices of Oliver & Cheek, PLLC
405 Middle Street
New Bern, NC  28563
Telephone: (252) 633-1930
Facsimile: (252) 633-1950
Email: george@olivercheek.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**FAYETTEVILLE DIVISION**

**In the Matter of:**
**RIVER LANDING CENTER, LLC**
**Debtor**

**Chapter 11**
**Case No.: 17-01144-5-JNC**

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN of the DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO PAY PRE-PETITION WAGES ("Motion") filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no response and request for a hearing is made by a party in interest in writing to the Clerk of this Court; and

FURTHER NOTICE IS HEREBY GIVEN that a hearing will be conducted on the Motion and any response thereto on March 13, 2017 at 10:00 a.m. at the United States Bankruptcy Court located at 150 Reade Circle, Greenville, North Carolina.

Dated: 03/09/17

s/George M. Oliver
N.C. State Bar No. 26587
The Law Offices of Oliver & Cheek, PLLC
405 Middle Street
Post Office Box 1548
New Bern, NC 28563
Telephone: (252) 633-1930
Facsimile: (252) 633-1950
Email: george@olivercheek.com

**CERTIFICATE OF SERVICE**

I, George Mason Oliver, Post Office Box 1548, New Bern, N.C. 28563 certify;

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and

That on the date below, I served copies of the Emergency Motion for Authorization to Pay Pre-Petition Wages and Notice thereof on the parties listed below and on Exhibit "A" by first class mail bearing sufficient postage or electronically as indicated; and,

I certify under penalty of perjury that the foregoing is true and correct.

This is the 9th day of March, 2017.

s/George M. Oliver
N.C. State Bar No. 26587
The Law Offices of Oliver & Cheek, PLLC
405 Middle Street
Post Office Box 1548
New Bern, NC 28563
Telephone: (252) 633-1930
Facsimile: (252) 633-1950
Email: george@olivercheek.com

cc:
Bankruptcy Administrator (via CM/ECF)

Frontier State Bank
Attn: Officer, Mg Agent or Agent
5100 South I-35
Oklahoma City, OK 73143

Joe Edwards
Joel Harmon
Attorneys for Frontier State Bank
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102 (via first class mail and email transmission)

River Landing Center, LLC
c/o Ken Praschan, Manager
3400 Walsh Parkway
Fayetteville, NC 28311

Exhibit "A"

ADVANCED MISSION SYSTEMS
ATTN: MANAGER OR AGENT
3120 WHITEHALL PARK DR
CHARLOTTE, NC 28273

GARDNER ALTMAN
PO BOX 234
WHITE OAK, NC 28399-0234

AMERICAN STATE UTILITY SERV
ATTN: MANAGER OR AGENT
630 E FOOTHILL BLVD
SAN DIMAS, CA 91773

BOSH GLOBAL SERVICES
ATTN: MANAGER OR AGENT
ONE BAYPORT WAY STE250
NEWPORT NEWS, VA 23606

CITY OF FAYETTEVILLE
ATTN: MANAGER OR AGENT
433 HAY STREET
FAYETTEVILLE, NC 28311

CITY OF FAYETTEVILLE
ATTN: MANAGER OR AGENT
PO BOX 1513
FAYETTEVILLE, NC 28302

CUMBERLAND COUNTY TAX
ATTN: MANAGER OR AGENT
117 DICK ST #530
FAYETTEVILLE, NC 28301

CYBERSPACE SOLUTIONS, LLC
ATTN: MANAGER OR AGENT
12015 LEE JACKSON HWY STE400
FAIRFAX, VA 22033

ELBIT SYSTEMS OF AMERICA
ATTN: MANAGER OR AGENT
4700 MARINE CREEK PARKWAY
FORT WORTH, TX 76179

FDR, INC.
ATTN: MANAGER OR AGENT
3400 WALSH PARKWAY
FAYETTEVILLE, NC 28311

FIRST CITIZENS BANK
ATTN: MANAGER OR AGENT
PO BOX 1580
ROANOKE, VA 24007-1580

GRANT-MURRAY REAL ESTATE
ATTN: MANAGER OR AGENT
150 N MCPHERSON CHURCH RDS
FAYETTEVILLE, NC 28303

H4 ENTERPRISES, LLC
ATTN: MANAGER OR AGENT
221 W DOVE RIDGE
SPRING LAKE, NC 28390

LUCAS MOORE REALTY, INC.
ATTN: MANAGER OR AGENT
3400 WALSH PARKWAY STE 118
FAYETTEVILLE, NC 28311

MAROON SECURITY GROUP, LL
ATTN: MANAGER OR AGENT
3400 WALSH PARKWAY, SUITE 2
FAYETTEVILLE, NC 28311

MOORMAN, KIZER & REITZEL
ATTN: MANAGER OR AGENT
115 BROADFOOT AVE #1
FAYETTEVILLE, NC 28305

NORFRONT SECURITY GROUP, LLC
ATTN: MANAGER OR AGENT
3400 WALSH PARKWAY, SUITE 220
FAYETTEVILLE, NC 28311

RICE SECURITY & CONSULTINGLL
ATTN: MANAGER OR AGENT
3400 WALSH PARKWAY, SUITE 2
FAYETTEVILLE, NC 28311

SOUTH RIVER ELECTRIC MEMBERSHIP
ATTN: MANAGER OR AGENT
17494 US 421 SOUTH
DUNN, NC 28335

SWEARINGEN REALTY GROUP LLC
ATTN: MANAGER OR AGENT
5950 BERKSHIRE LANE STE 500
DALLAS, TX 75225